Magistrate Judge Benton

07-MJ-00353-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE'S DOCKET NO. CASE NO. MJ07-353 |
| Plaintiff, | |
| v. | COMPLAINT for VIOLATION |
| KOU WEI CHIU, | Title 49, United States Code, Section 46507 |
| Defendant. | |

BEFORE Monica J. Benton, United States Magistrate Judge, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (False Information and Threats)

On or about the 25th day of July, 2007, in SeaTac, within the Western District of Washington, KOU WEI CHIU did, willfully and maliciously, and with reckless disregard for the safety of human life, and knowing such information to be false, give, or cause to be given, under circumstances in which the information may be reasonably believed, false information about an alleged attempt being made to do an act that would violate Title 49, United States Code, Section 46505, that is, the placement on an aircraft of an explosive or incendiary device.

All in violation of Title 49, United States Code, Section 46507.

The complainant further states as follows:

1. On July 25, 2007, the Port of Seattle Police dispatch received three 911 calls reporting a bomb on Northwest Airlines Flight 980, traveling from Seattle to Memphis, Tennessee. The 911 calls were originating from a payphone in the SeaTac Airport Terminal, Gate S-7, which was the gate from which Flight 980 had just departed.

2. Port of Seattle Police (POSP) responded immediately to Gate S-7. They contacted a civilian who reported that he had overheard the person making the 911 bomb threat. The civilian pointed to the defendant, KOU W. CHIU, and identified him as the person who had made the 911 calls. POSP Officer Jason Coke contacted CHIU and told him they were investigating whether someone had made bomb threats from phones in the area. Officer Coke asked CHIU if he had made the threats. CHIU replied, "Regrettably, yes I did."

3. Officer Coke took CHIU into custody and advised him of his Miranda warnings, which CHIU stated that he understood and agreed to waive. CHIU provided a written statement, in response to officers' questions. CHIU explained that he has completed medical school and is a doctor. He said he had been in the Seattle area on a business trip, and he was due to take Northwest Flight 980 back to Tennessee. CHIU stated that he was late for his flight and had arrived after the door had closed. He argued with the gate agent in an effort to make it onto the plane, but she refused his demands.

4. CHIU admitted that after he was refused boarding, he called 911 and told the operator: "Flight 980 Memphis. There may be a bomb on board." CHIU said that after his first phone call, he looked outside at the plane and saw that his call had had "no effect." He made a second phone call and noticed that this call too had no effect. This led to the third call. CHIU stated that he made the calls thinking that the airline "would ground the plane for a couple of hours," because bomb threats are taken seriously. When asked how he thought other passengers might react when they overheard his calls, he conceded that he thought "they would be traumatized."

5. During his interview with the POSP, CHIU claimed that he had no checked luggage. However, when I interviewed his co-workers, one of the co-workers stated that CHIU had in fact checked some luggage onto the plane in the name of another co-worker. Based on this information, POSP re-interviewed CHIU, who admitted that he had in fact checked his luggage onto the plane under the name of a co-worker.

6. CHIU further claimed that he is on anti-depressant medication, and he had been without it for several days. However, he acknowledged that he had obtained a prescription while in Seattle and that he had taken his medication that very morning. He explained that without his medication he would "lose things, get confused, but I haven't done anything like this." He explained that he had never been in trouble while not on his medication, stating, "I usually just lose things."

7. Northwest Airlines Flight 980 was in the air by the time CHIU was arrested. While the matter was being investigated, Flight 980 was called back to the gate. The plane was grounded for several hours and CHIU's luggage was searched. Northwest Airlines has estimated its losses at over $70,000 in fuel, gate fees, and other expenses. The Port of Seattle, the Port of Seattle Police, and TSA have likewise estimated that Mr. CHIU's conduct cost them thousands of dollars to investigate.

8. Based on the foregoing, there is probable cause to believe that KOU WEI CHIU, committed the above listed offense in violation of Title 49, United States Code, Section 46507.

GARY FRANCE, Complainant
Federal Bureau of Investigation

COMPLAINT/Kou Wei Chou — 3

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

Dated this 26th day of July, 2007.

MONICA J. BENTON
United States Magistrate Judge